1  **WO**                                                                    RP

2

3

4

5

6

7                    **IN THE UNITED STATES DISTRICT COURT**

8                       **FOR THE DISTRICT OF ARIZONA**

9

10   Dale Frank Maisano,                    )    No. CV 06-2744-PHX-SMM (MHB)
                                            )
11                Plaintiff,                )    **ORDER**
                                            )
12   vs.                                    )
                                            )
13   Chris Vasquez, et al.,                 )
                                            )
14                Defendants.               )
                                            )
15   _____    )

16          Plaintiff Dale Frank Maisano, formerly confined in the Pinal County Jail, has filed a

17   "Pre filing Order Request" (Doc. #1)[1] and lodged a *pro se* civil rights Complaint pursuant to

18   <u>Bivens v. Six Unknown Named Federal Narcotics Agents</u>, 403 U.S. 388 (1971), 42 U.S.C.

19   § 1983, and The Civil Rights Act of 1871.

20

21   **I.      Returned Mail**

22   _____

23          [1]Plaintiff has so often and egregiously abused the legal process in the past that on
     August 11, 1992, the Court entered an Order and Restraining Order enjoining him from filing
24   any civil action in this or any other federal court without first obtaining leave of the court.
     <u>See</u> Order of August 11, 1992, <u>Maisano v. Lewis</u>, CV 92-1026-PHX-SMM (MS) (D. Ariz.).
25   To obtain leave to file, Plaintiff is required to file an "Application Pursuant to Court Order
     Seeking Leave to File" accompanied by an affidavit certifying: (1) that the claim or claims
26   presented are new and have never been raised and disposed of on the merits by any federal
     court; and (2) that to the best of his knowledge the claim or claims presented are not frivolous
27   or taken in bad faith.

28

On February 23, 2007, the Court filed a Minute Order (Doc. #3) referring this matter to the Honorable Magistrate Judge Michelle H. Burns.  A copy of the Minute Order was mailed by the Clerk of Court to Plaintiff at his last known address at the Pinal County Jail on February 23, 2007.  On March 5, 2007, the envelope containing the copy of the Minute Order was returned to the Clerk of Court with the notations "Released," "Return To Sender," "Not Deliverable As Addressed," and "Unable To Forward."  Since then, Plaintiff has failed to file a Notice of Change of Address or to in any way notify the Court of his whereabouts.  Accordingly, the Clerk of Court has been unable to remail the copy of the Minute Order to Plaintiff.

Rule 3.4(a) of the Local Rules of Civil Procedure requires that an incarcerated litigant comply with the instructions attached to the court-approved Complaint form.  Those instructions state: "You must immediately notify the Court . . . in writing of any change in your mailing address. **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case**."  Also, the court-approved Complaint form states: "**Failure to notify the Court of your change of address may result in dismissal of this action**."

## II.     Failure to Prosecute

Plaintiff has the general duty to prosecute this case.  <u>Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.</u>, 587 F.2d 27, 29 (9th Cir. 1978).  In this regard, it is the duty of a plaintiff who has filed a *pro se* action to keep the Court appraised of his or her current address and to comply with the Court's orders in a timely fashion.  This Court does not have an affirmative obligation to locate Plaintiff.  "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address."  <u>Carey v. King</u>, 856 F.2d 1439, 1441 (9th Cir. 1988).  Plaintiff's failure to keep the Court informed of his new address constitutes failure to prosecute.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action."  In <u>Link v. Wabash Railroad Co.</u>, 370 U.S. 626, 629-31

(1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sea sponge* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party.  Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing.  Id. at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  Carey, 856 F.2d at 1440 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).  "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction.  Thus the key factors are prejudice and availability of lesser sanctions."  Wanderer v. Johnson, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case.  Plaintiff's failure to keep the Court informed of his address prevents the case from proceeding in the foreseeable future.  The fourth factor, as always, weighs against dismissal.  The fifth factor requires the Court to consider whether a less drastic alternative is available.  Without Plaintiff's current address, however, certain alternatives are bound to be futile.  Here, as in Carey, "[an order to show cause why dismissal is not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail." 856 F.2d at 1441.

The Court finds that only one less drastic sanction is realistically available.  Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[unless the court in its order for dismissal otherwise specifies."  In the instant case, the Court finds that a dismissal with prejudice would be unnecessarily harsh.  This action will therefore be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, and Plaintiff's "Pre filing Order Request" (Doc. #1) will be DENIED as MOOT.

1    Accordingly,

2    **IT IS HEREBY ORDERED** that this action is **DISMISSED WITHOUT**

3    **PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to

4    prosecute.

5    **IT IS FURTHER ORDERED** that the Clerk of Court **must enter judgment**

6    accordingly.

7    **IT IS FURTHER ORDERED** that Plaintiff's "Pre filing Order Request" (Doc. #1)

8    is **DENIED AS MOOT**.

9    DATED this 16th day of April, 2007.

10

11

12

13

14                              Stephen M. McNamee
15                              United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28